[In the cases last above reported, No. 999, Dial *v.* Gary et al., the plaintiff, Dial, after the opinion was rendered and the *remittitur* sent to the court below, filed a petition for a re-hearing; which case should properly be inserted here, as follows:]

## CASE No. 1035.

### *EX PARTE* DIAL.

1. After the *remittitur* has been sent to the court below, this court has no jurisdiction of a petition for a re-hearing of the appeal.
2. The reasoning of this court constitutes no part of the judgment itself, which, in every case, is simply an order of affirmance, modification or reversal; and, therefore, when the judgment appealed from is affirmed, a *remittitur*, which states that the judgment of the Circuit Court is affirmed, is a correct transcript of the judgment of this court.
3. A judgment rendered by this court after full argument, should not be disturbed under petition for re-hearing, except for the strongest reasons.
4. *Dial* v. *Gary, ante p.* 573, affirmed.

Petition for re-hearing of appeal.

This was a petition Ex parte George L. Dial for a hearing of the five cases, (*ante p.* 573), in which he was plaintiff and the unsuccessful appellant. The motion was not upon notice to the defendants. It was heard April 25th, 1881.

*Mr. R. A. Lynch,* for petitioner. *Mr. L. F. Youmans,* attorney-general, of counsel.

April 30th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. At the November Term, 1880, of this court, the appeal in the cases in which this petition has been filed *in re,* was heard. On March 15th, 1881, the opinion of the court was filed, and, after the lapse of ten days thereafter, to wit, on March 26th, a transcript of the judgment of the court, a copy of which

will be found appended,* was sent by the clerk of this court to the court below, as the *remittitur* provided for in the code and the rule of court.

George L. Dial, the appellant in these cases, has now filed this petition, based upon the position that the transcript referred to is not such a *remittitur* as the law requires in such cases; and that such being the fact, no *remittitur* has, in fact, been sent down, and he now seeks by his petition to stay the *remittitur*, as provided in Rule XX. of this court, until the third day of the ensuing term, so as to enable him to move the court for a rehearing of the appeal in the original cases.

It is well understood, and this was admitted in the argument of counsel, that after the *remittitur* has been transmitted to the court below in any case, this court thereby loses jurisdiction of the cause, and can afterwards entertain no motion whatever in reference thereto. It has passed from the docket of the court and has gone beyond its reach. Such being the fact, with the view that parties litigant shall not be prejudiced by a too hasty transmission of the *remittitur* to the Circuit Court, thus cutting off all opportunity for re-examination and review of the judgment of the court when necessary, this court has provided, by rule, that the *remittitur* shall, in no case, be sent to the court below until after the expiration of ten days from the final determination by this court; and that in the meantime, on application showing sufficient cause, either of the justices, at chambers, may, by order, require the *remittitur* to be further delayed for such time as he may deem proper, not beyond the ensuing term, subject to the order of the court. *Rule XX.*

The question, then, in this petition is simply this: Is the transcript sent down in these cases a *remittitur* in, the legal sense of that term?

Following the provisions of the constitution, the code, Section 12, title "Supreme Court," provides that the Supreme Court may reverse, affirm or modify the judgment, decree or order appealed

---

* The *remittitur* simply states the case, gives the date of the filing of the opinion and by whom written, and adds: "Judgment affirmed and appeal dismissed." This is certified to by the clerk, signed by him, and the official seal of the court is affixed.—REPORTER.

from, in whole or in part, and as to all of the parties; and its judgment shall be remitted to the court below to be enforced according to law.

The *remittitur*, then, is the judgment of this court sent to the court below, and this court having no power to render any other judgment than one of reversal, affirmance or modification, the final determination of the court or order declaring the judgment below reversed, affirmed or modified, must constitute the judgment of this court.

The constitution, Section 8, Article IV., requires that every point made and distinctly stated in the cause and fairly arising upon the record, shall be considered and decided, and the reason therefor shall be concisely and briefly stated, in writing, and preserved among the records of the case.

In pursuance of this provision of the constitution, this court, in pronouncing judgment, either of reversal, affirmance or modification, has uniformly filed an opinion setting forth the reasons for the judgment, to be preserved among the records of the case, as required by this section. It is true that the final determination or judgment has been usually incorporated as a part or conclusion of the opinion, but it has never been understood that this reasoning, upon which the judgment is founded, constitutes any part of the judgment itself. While the practice has been to embrace the two in the same paper, the one as the logical result of the other, yet they might be separate, and contained in distinct papers.

The *remittitur* sent down in these cases, embracing, as it does, the final determination of the court, *i. e.*, a judgment of affirmance of the order below, in the opinion of the court was a full compliance with the law upon this subject.

The court, therefore, has no jurisdiction of the question raised.

We announce this result with less reluctance, for the reason that we do not think the matters suggested in the petition are sufficient, according to the principles and practice which should govern in such cases, to authorize this court to order the case re-heard.

It concerns the welfare of the country that there should be an

end of litigation. A judgment rendered after full argument should not be disturbed, except for the strongest reasons.

We may be permitted to say that while the question is not properly before us for adjudication, yet we have looked into the petition and we are unable to discover any sufficient reasons for a change of the opinion already pronounced; that administration in this state is necessary to enable the party to foreclose the mortgage set forth in the complaint, and that we see no insuperable difficulty in the way of foreclosing the same, after the will of Asa Burke, deceased, shall have been admitted to probate, and letters of administration, with the will annexed, shall have been properly granted in this state.

The petition is dismissed.

McIver and McGowan, A. J.'s, concurred.